## Victory Hill Social Centre Incorporation

Before Gibson, P. J., and Carson, J.
*David H. Weiner*, for applicant.

PER CURIAM, January 9, 1950.—These articles of incorporation were filed October 26, 1949, and were fixed for a hearing on November 14, 1949. This hearing was continued by order of court to November 28, 1949, at which time there was presented to the court a request that a master be appointed. On that same date, we notified counsel for applicant by letter that the certificate had been examined and that it did not meet the requirements' of the applicable legislation because the statement of purposes was neither precise nor accurate, and asking for counsel's views regarding what further action should be taken. We have received no reply.

The purposes of the corporation as stated in the articles are "to work for the civic improvement of Victory Hill and to provide social fellowship, entertainment and recreation for its members, to apply for, and if the same be granted, to maintain and operate in accordance with law, a club liquor license; to own, lease, mortgage and convey such real and personal property as may be necessary or proper to carry out the purposes hereinabove recited."

The Nonprofit Corporation Law of May 5, 1933, P. L. 289, sec. 203, 15 PS §2851-203, requires that there be stated "A precise and accurate statement of the purpose or purposes for which it (the corporation) is to be formed." The court has no authority to act other than such as provided by this legislation.

In In re Application for a Charter for American Slovene Home of Meadowlands, Pa., no. 4572 in equity, this court said:

"We do not think the general language of the act of 1933 permitting the formation of corporations for any purpose or purposes which are lawful and not injurious to the community, contemplated no limit so that a corporation could exercise rights under all purposes which were lawful and not injurious to the com-

munity. The purposes should be related and confined to a definite activity. They should be specific and not general and vague in character so that the court, on an examination of the articles of incorporation, may determine clearly and definitely what field of activity is to be included in the powers granted. Loose and grandiose expressions do not comply with these requirements."

To work for the civic improvement of Victory Hill and provide social fellowship, entertaining and recreation for its members is a statement of purposes so broad and indefinite that it is impossible to tell, or even imagine, from this statement what activities this corporation may claim the right to exercise. The statement of purpose lacks both precision and accuracy.

Within the last few years we have pointed this out many times and have consistently followed our decision in the Application of the American Slovene Home of Meadowlands, supra; in Colonel W. W. Gill Post, no. 4584 in equity; In re Incorporation of Vestaburg All-Sports Club, no. 4575 in equity; In re Application for a Charter of Washington Independent Union, no. 4742 in equity, and many others.

There is another very material defect in this proceeding. Section 206 of the Act of May 5, 1933, P. L. 289, 15 PS §2851-206, requires publication of the intention to apply for a charter, one of the requirements being that the advertisement shall set forth "the purpose or purposes of the proposed corporation." The only proof of publication of this application is by Washington Record Company, which sets forth the purposes as follows: "The purpose of the said corporation is to provide social fellowship, entertainment and recreation for its members." Much of the purpose is left out of the public notice required to be given.

For the reasons pointed out, we are not satisfied that these articles of incorporation should receive our approval.

And now, January 9, 1950, approval of the articles of incorporation of the Victory Hill Social Centre is refused and the application is dismissed.